22-6075-SNOW

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | FILED UNDER SEAL |
| v. | INDICTMENT |
| ALEXANDRA SMYTH, | CRIMINAL NO. 2020-CF-41 |
| Defendant. | VIOLATIONS:<br>Title 18, United States Code,<br>Section 1343 |

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At all times relevant to this Indictment:

1. **ALEXANDRA SMYTH** ("Smyth") provided financial accounting services through her business, Perfect Balance, in St. Thomas, VI.

2. As part of Smyth's business, she provided tax preparation services for some clients.

3. B.E. was a resident of St. Thomas, VI, and was a client of Smyth.

4. B.E. worked as an independent contractor in the United States Virgin Islands and, as such, B.E. was required to make quarterly tax payments to the Internal Revenue Service ("IRS") and the Virgin Islands Bureau of Internal Revenue ("BIR").

5. P.M was a resident of Mount Joliet, TN, and was a client of Smyth.

6. P.M. was required to make annual tax payments to the IRS.

7. Smyth maintained a business bank account number x8137 ("the business account").

8. Smyth maintained a personal bank account number x0725 ("the personal account").

United States v. Smyth
Indictment
Page 2

## COUNTS ONE THROUGH NINETEEN

(*Wire Fraud*, 18 U.S.C. § 1343)

9. The factual allegations contained in Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated as if fully set forth herein.

10. From on or about February 1, 2018 to on or about January 31, 2019, the defendant,

**ALEXANDRA SMYTH,**

aiding and abetting others, did knowingly and with intent to defraud, devise and intend to devise a scheme to defraud B.E. and P.M., and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### MANNERS AND MEANS

11. It was a part of the scheme and artifice that Smyth, after preparing documentation for B.E.'s and P.M.'s tax payments during the 2018 tax year, convinced B.E. and P.M. to pay their tax payments directly to Smyth, who indicated that she would in turn pay over such funds to the IRS and/or BIR on behalf of B.E and P.M, respectively.

12. It was further part of the scheme and artifice that between on or about April 25th, 2018 and on or about September 18th, 2018, Smyth received in total over $25,000 in funds from B.E. and P.M. pursuant to the aforementioned agreements.

13. It was further part of the scheme and artifice that Smyth, instead of paying over B.E.'s and P.M's funds to the IRS and/or the BIR as agreed, would and did use such funds for her own personal benefit shortly after receiving such funds.

United States v. Smyth
Indictment
Page 3

## USE OF THE WIRES

14. On or about the dates set forth below, in the District of the Virgin Islands and elsewhere, the defendant,

**ALEXANDRA SMYTH,**

aiding and abetting others, for the purpose of executing the scheme and artifice described above, caused to be transmitted by means of wire communications in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| ONE | April 25, 2018 | Electronic payment of $200 for Smyth's personal benefit |
| TWO | April 25, 2018 | Electronic payment of $1,375 to travel company |
| THREE | April 25, 2018 | Electronic payment of $400 for Smyth's personal benefit |
| FOUR | September 17, 2018 | Electronic payment of $1740.39 for Smyth's personal benefit |
| FIVE | September 17, 2018 | Electronic payment of $229.99 for Smyth's personal benefit |
| SIX | September 17, 2018 | Electronic payment of $299.00 for Smyth's personal benefit |
| SEVEN | September 17, 2018 | Electronic payment of $500.00 for Smyth's personal benefit |
| EIGHT | September 17, 2018 | Electronic payment of $2,419.00 for Smyth's personal benefit |
| NINE | September 17, 2018 | Electronic payment of $500.00 for Smyth's personal benefit |
| TEN | September 17, 2018 | Electronic payment of $7,604.00 for Smyth's personal benefit |
| ELEVEN | September 18, 2018 | Electronic payment of $250.00 for Smyth's personal benefit |
| TWELVE | September 18, 2018 | Electronic transfer of $1,000 for Smyth's personal benefit |
| THIRTEEN | September 18, 2018 | Electronic transfer of $1,000 from the business account to the personal account |

United States v. Smyth
Indictment
Page 4

| FOURTEEN | September 18, 2018 | Electronic transfer of $1,000 from the business account to the personal account |
| FIFTEEN | September 19, 2018 | Electronic payment of $400.00 for Smyth's personal benefit |
| SIXTEEN | September 19, 2018 | Electronic payment of $580.00 for Smyth's personal benefit |
| SEVENTEEN | September 20, 2018 | Electronic payment of $500 from business account for phone bill |
| EIGHTEEN | September 20, 2018 | Electronic payment of $500 from business account for credit card bill |
| NINETEEN | September 21, 2018 | Electronic transfer of $1420.00 from business account for Smyth's personal benefit |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts One through Nineteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts One through Nineteen, the defendant,

**ALEXANDRA SMYTH,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant[s]:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

United States v. Smyth
Indictment
Page 5

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**GRETCHEN C.F. SHAPPERT**
United States Attorney

_____
**ALESSANDRA P. SERANO**
Chief, Criminal Division

_____
**Nathan Brooks**
Assistant United States Attorney
United States Attorney's Office
District of the Virgin Islands
5500 Veteran's Drive, Suite 260
St. Thomas, Virgin Islands 00802
Telephone (340) 715-9417
Nathan.Brooks@usdoj.gov

DISTRICT COURT OF THE VIRGIN ISLANDS: Returned a True Bill into the District Court ____ day of October 2020, by Grand Jurors and filed.

_____
**HONORABLE RUTH MILLER**
United States Magistrate Judge
District of the Virgin Islands